AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                                                   **ORDER OF DETENTION PENDING TRIAL**

KENNETH RAYFORD                                          Case Number: 09-mj-8144-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  November 5, 2009                                            s/ David J. Waxse
                                                                                      *Signature of Judicial Officer*

                                                                                      DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                                                      *Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Kenneth Rayford
Criminal Action 09-mj-8144-01-DJW

## Part II - Written Statement of Reasons for Detention

The law requires that I look at a series of factors set out in 18 U.S.C. Section 3142(g) to determine whether or not there are conditions I can set that will adequately protect the community and assure your appearance.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm or controlled substances. All three of those factors are present in this case, which is negative.

The next factor is the weight of the evidence. There has been a probable cause determination so that is negative.

The next factor is the history and characteristics of the person, including your physical and mental condition. I do not see a problem with your physical or mental condition that would impact release so that is positive.

Family ties appear to be positive.

Employment is somewhat questionable because there is some self-employment.

The next factor is financial resources. There appears to be an issue of having substantial financial resources so that is a negative.

Length of residence in the community is positive.

Community ties are positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. There is substantial criminal history and some indications of failure to appear.

The next factor is whether at the time of the current offense you were on probation, parole, or other release. It does not appear that you were on any formal release.

2

The final factor is the nature and seriousness of the danger to the person in the community that would be posed by your release. The only evidence I have is that you were in the process of using firearms to rob a bank which is a substantial danger to the community.

Considering all those factors, I am ordering you to remain detained pending further hearing.