# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) Case Nos.  09-20143-01-CM (Criminal)<br>) 12-2191-CM (Civil) |
| KENNETH RAYFORD, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the court on defendant Kenneth Rayford's Motion Pursuant to Federal Rules of Civil Procedure Rule 59(e) Requesting Reconsideration of the Court to Vacate Its Judgment Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 161).

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)).  The motion may actually be a second or successive petition.  The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas*, 464 F.3d at 1215–16.  Motions falling under the first category should be treated as second or

-1-

successive petitions. Motions falling under the second or third category are treated as any other Rule 59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

Defendant argues in his motion that the court erred in its ruling on defendant's § 2255 motion. Specifically, defendant contends that the court overlooked a case cited in defendant's original motion, *United States v. Shovea*, 580 F.2d 1382 (10th Cir. 1978). According to defendant, *Shovea* is directly on point and should have led the court to the conclusion that counsel was ineffective for not arguing that use of a tracking device was illegal.

This argument reasserts a basis for relief from defendant's conviction. The challenge would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition." *Spitnas*, 464 F.3d at 1216. Defendant is not merely challenging a procedural ruling or a defect in the integrity of the proceeding. Instead, he asks the court to review the impact of *Shovea* on his request for habeas relief. For these reasons, the court determines that defendant's motion is properly construed as a second or successive petition.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence. *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h). When a second unauthorized § 2255

motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.[1] Defendant does not argue that either of these situations exists. The court also finds no indication that defendant's claims have merit; they are merely a rehashing of claims previously rejected by the court. The court therefore finds that it is not in the interest of justice to transfer the case. The court dismisses defendant's motion without prejudice.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). To the extent that a certificate of appealability is necessary in this case, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated

---

[1] The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred; (2) the merits of the claims; and (3) the good faith of the filer. *In re Cline*, 531 F.3d at 1251. Because defendant's motion is merely seeking to re-raise a claim recently addressed by the court, these factors have little relevance here.

above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Kenneth Rayford's Motion Pursuant to Federal Rules of Civil Procedure Rule 59(e) Requesting Reconsideration of the Court to Vacate Its Judgment Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 161) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 25th day of March 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
