IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-20143-01-02-JWL |
| | ) | No. 20-2314-JWL |
| KENNETH A. RAYFORD and | ) | No. 20-2313-JWL |
| PAUL G. RAYFORD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

Defendants Kenneth and Paul Rayford each pled guilty to one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and one count of carrying and using a firearm during and in relation to the attempted bank robbery in violation of 18 U.S.C. § 924(c). The Tenth Circuit granted defendants authorization to file successive § 2255 petitions challenging their § 924(c) convictions and sentences under *United States v. Davis*, 139 S. Ct. 2319 (2019). Defendants have now filed those petitions (doc. 244, 246) and, in the alternative, request that the court issue a certificate of appealability. As will be explained, the petitions are denied and the court declines to issue a certificate of appealability.

In their petitions, defendants ask the court to vacate their § 924(c) convictions in light of *Davis*. Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime" or to possess a firearm "in

furtherance of any such crime." § 924(c)(1)(A).  It defines a "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The statute includes an "elements" clause—§ 924(c)(3)(A)—and a "residual" clause—§ 924(c)(3)(B). In *Davis*, the Court held that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. at 2336.   Thus, the crimes underlying defendants' § 924(c) convictions must qualify as crimes of violence, if at all, under the elements clause found in 18 U.S.C. § 924(c)(3)(A).  According to defendants, attempted bank robbery cannot qualify as a crime of violence under the elements clause of the statute.

Defendants candidly admit that the weight of authority is against them.  Under Tenth Circuit law, § 2113(a) federal bank robbery is a crime of violence for purposes of section 4B1.2(a) of the Sentencing Guidelines.  *See United States v. McCrainie*, 889 F.3d 677, 681 (10th Cir. 2018).[1]  And every Circuit that has addressed the issue has held that when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence.  *See United States v. Smith*, 957 F.3d 590, 595 (5th Cir. 2020) (quoting *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020)); *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive

---

[1] Recently, this court held that § 2113(a) bank robbery is a crime of violence for purposes of § 924(c)(3)(A).  *See United States v. Hill*, 2020 WL 5253719, at *3-*5 (D. Kan. Sept. 3, 2020).

offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony."); *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018); *United States v. Fogg,* 836 F.3d 951 (8th Cir. 2016).  Following this reasoning, courts have held that an attempt to commit § 2113(a) robbery is a crime of violence within the meaning of § 924(c)(3)(A).  *See United States v. Harvey*, 791 Fed. Appx. 131, 172 (11th Cir. 2020) ("We conclude that, under our precedents, the attempt to commit § 2113(a) robbery is a crime of violence within the meaning of § 924(c)(3)(A)."); *United States v. Jones*, 418 F.3d 726, 729 (7th Cir. 2005) (attempted bank robbery qualifies as a crime of violence under § 924(c)(3)); *United States v. Kirklin*, 727 F.3d 711, 715 n.1 (7th Cir. 2013) (same).

        In three unpublished opinions, the Tenth Circuit has similarly reasoned that "when a completed crime has as an element the actual use of physical force, it stands to reason that any attempt to commit that completed crime necessarily has as an element the attempted use of such physical force—thus satisfying the elements clause." *United States v. Neely*, 763 Fed. Appx. 770, 780 (10th Cir. 2019) (attempted battery qualified as an ACCA predicate under elements clause); *see also United States v. Rinker*, 746 Fed. Appx. 769, 771–72 (10th Cir. 2018) (even if defendant had been convicted of attempted bank robbery under § 2113(a), he would necessarily have attempted to use physical force, triggering § 924(c)'s elements clause; *United States v. Dean*, 724 Fed. Appx. 681, 682 (10th Cir. 2018) (where armed robbery under state statute qualified as violent felony under ACCA's elements clause, attempted armed robbery under state statute qualifies as ACCA's elements clause).  In short, the court has little doubt that the Tenth Circuit, if faced with

3

the issue, would conclude that defendants' attempted bank robbery convictions remain viable § 924(c) predicate offenses post-*Davis*. Defendants' § 2255 petitions, then, are denied.

Finally, the court considers whether to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Defendants contend that reasonable jurists could debate the court's conclusion here because the dissent in the Ninth Circuit's *Dominguez* opinion concluded that attempted Hobbs Act robbery is not a viable predicate offense under § 924(c) after *Davis, see* 954 F.3d at 1262-63 (Nguyen, J. dissenting) (attempted Hobbs Act robbery "plainly does not fit the definition of a crime of violence under the elements clause"), and because the Tenth Circuit, in *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), found that attempted sexual abuse of a minor was a crime of violence under § 924(c)(3)'s residual clause.

The court is not persuaded that these opinions justify a certificate of appealability. Because the Tenth Circuit in *Munro* easily found that the conviction qualified as a crime of violence under the broad-sweeping residual clause, it was unnecessary to determine whether it also qualified under the more limited elements clause. And the opinion does not reflect that any party even raised that issue. The court, then, declines to read too much into

4

the Circuit's *Munro* opinion.  Moreover, Judge Nguyen's dissent from the majority opinion in *Dominguez* is simply not sufficient to make a substantial showing of the denial of a constitutional right required for a certificate of appealability.  The fact remains that the Ninth Circuit held that attempted Hobbs Act robbery is a crime of violence under the elements clause.  In so holding, the Ninth Circuit explained that the approach advanced by the defendant (and adopted by the dissent) was "plainly inconsistent" with prior holdings in the Circuit and defied common sense.  *Dominguez*, 954 F.3d at 1261-62.  The Ninth Circuit's majority opinion is consistent with the unpublished Tenth Circuit cases cited above and, thus, supports the court's conclusion here.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' § 2255 petitions (docs. 244, 246) are denied and the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this  8th day of September, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

5